Sullivan,
No. 4297.

AMERICAN EMPLOYERS INSURANCE COMPANY

*v.*

SCHOOL DISTRICT OF NEWPORT & a.

Argued June 1, 1954.

Decided September 8, 1954.

190

*Sheehan, Phinney & Bass (Mr. Phinney* orally), for the plaintiff.

*Jacob M. Shulins* and *Richard C. Duncan (Mr. Duncan* orally), for the defendant bank.

*Jarlath Slattery* for the school district and *Robert E. Earley* and *Charles J. Flynn* for the trustee in bankruptcy, furnished no briefs.

BLANDIN, J. The question here is whether the plaintiff is entitled to the entire $13,000 which the school district has paid into court or whether the bank should have the sum of $9,842.12 with interest, being the balance due it on the note dated October 13, 1948, and given to it by the Standard Construction Company. The application which the company made to secure the bond contained a provision that the plaintiff "shall as surety on said bond, be subrogated to all rights, privileges and properties of [Standard] . . . as principal and otherwise in said contract, and [Standard] does hereby assign, transfer and convey to said Corporation all the deferred payments, and retain percentages, and any and all moneys and properties that may be due and payable at the time of such breach or default, or that may thereafter become due and payable to [Standard] . . . on account of said contract, or account of extra work and materials supplied in connection therewith, hereby agreeing that all such moneys, and the proceeds of such payments and properties, shall be the sole property of the said American Employers Insurance Company, and to be by it credited upon any loan, cost, damage, charge and expense sustained, or incurred by it as above under its bond of suretyship." The obvious purpose of this clause seems to have been to protect the plaintiff against just such a situation as has arisen here because of the company's default, and to entitle the plaintiff to all moneys due the company at the time

of the default or thereafter. We believe it was an unconditional assignment of a right to become effective in accordance with its terms upon the happening of an event. Restatement, Contracts, s. 155, *comment* b. There was a valid contract between the company and the district and the right of the plaintiff upon the contingency occurring became vested when the instrument was signed. *Pollard* v. *Pollard*, 68 N. H. 356; *Garland* v. *Harrington*, 51 N. H. 409, 414; Restatement, Contracts, s. 155. The intent of the parties too, as evidenced by their agreement, was that all moneys, including those withheld for any reason, should when due become the property of the plaintiff and in the circumstances here this is clearly equitable. Note 76 A. L. R. 917; 9 Am. Jur., Building and Construction Contracts, s. 115. It follows that the bank's contention that there was no good assignment cannot prevail.

In such circumstances the defendant admits that ordinarily the plaintiff as surety would be subrogated to all the "securities and remedies" held by the school district. However, the defendant contends that the equities here favor it because the money loaned the construction company was spent to pay for work and materials used on the job, thereby lessening the plaintiff's obligations by that amount. It says that for the plaintiff to recover the whole sum would result in unjust enrichment. This overlooks the fact that the plaintiff has spent far more in completing the work than the $13,000 available which it seeks to recover and that in any event, so far as appears on the record, it will be the loser by thousands of dollars. Furthermore, the defendant as assignee of the company has no rights superior to those of Standard. *Plante* v. *Shortell*, 92 N. H. 38, 41, and cases cited; *Scarsdale National Bank & T. Co.* v. *United States F. & G. Co.*, 264 N. Y. 159; *Dearborn* v. *Nelson*, 61 N. H. 249, 250; Restatement, Contracts, s. 167. The agreement between Standard and the school district provided that upon the appointment of the receiver the district could terminate the employment of the company, taking possession of the premises, tools and appliances and "finish the work by whatever method he may deem expedient. In such case the Contractor shall not be entitled to receive any further payment until the work is finished. If the unpaid balance of the contract price shall exceed the expense of finishing the work . . . such excess shall be paid to the Contractor. If such expense shall exceed such unpaid balance, the Contractor shall pay the difference to the Owner." In addition to this, as

previously pointed out, the contract between Standard and the plaintiff stipulated that deferred payments and any and all moneys due at the time of the default or thereafter were to become the property of the plaintiff. It is obvious in this situation that Standard has no claim against the district and the defendant bank as assignee fares no better. *Scarsdale National Bank & T. Co.* v. *United States F. & G. Co.*, 264 N. Y. 159.

However, the bank urges that we adopt a minority view and prefer its assignment to the plaintiff's because it first gave notice to the district of the assignment. We see no sufficient reason for so doing. Notice to the district was not necessary to perfect the assignment to the plaintiff but only to protect it against a *bona fide* payment by the district to the construction company. *Clark* v. *Wheeler*, 81 N. H. 34, 41, 42, and cases cited. Furthermore, logically, since the construction company had divested itself of its rights by the assignment to the plaintiff it had nothing to assign to the defendant bank. See 64 Harv. L. Rev. 62, 66. There was no agreement here as in cases cited by the defendant that money loaned by the bank to the contractor should be used on this job. The loan was unrestricted. The bank must be considered aware of Laws 1943, *c.* 182, requiring Standard as a condition precedent to its contract to give a bond and of the probability that the plaintiff bondsman would protect itself in some such manner as was done here, against creditors such as the bank, which were not of the class intended to be benefited by the bond. *Cf. Petition of Keyser*, 97 N. H. 404. Since the expenses of finishing the work far exceeded the unpaid balance due the construction company when its employment terminated, it follows that under its agreement with the district there was nothing due the company when the contract was completed. However, the plaintiff which finished the job paying the laborers and materialmen as it was obligated to do under the bond became equitably entitled to their claim on the fund reserved by the district to pay for this work. *Farmers' Bank* v. *Hayes*, 58 F. (2d) 34, cert. denied 287 U. S. 602. It is also invested with the rights which the district would have had against Standard had it completed the work, namely, the right to the fund appropriated for the project and now deposited in court. *Scarsdale National Bank & T. Co.* v. *United States F. & G. Co.*, 264 N. Y. 159.

In conclusion it appears that the plaintiff had a valid assignment prior in time to that of the bank which in the circumstances here

entitles it to the entire \$13,000 deposited in court. There being no other exceptions of merit, the order is

*Judgment for the plaintiff.*

LAMPRON and GOODNOW, JJ., concurred in the result; the others concurred.